IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    No. 03-20151 B
    03-20171 B

CHRISTOPHER ROSE,

    Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE

---

Before the Court is the July 11, 2005 motion of the Defendant Christopher Rose for termination of supervised release. On May 9, 2003 Rose entered a plea of guilty to charges of False/Fraudulent Use of a Social Security Number, Conspiracy to Commit Bank Fraud, and Identity Theft and was sentenced to eighteen months imprisonment and a term of three years of supervised release. As a condition of his supervised release, the Defendant is required to make restitution payment in the amount of $22,815.52. Rose has served fourteen months of his supervised release term which began on June 11, 2004. His current restitution balance is $17,949.52. In support of his motion, the Defendant offers his good conduct since release and the possibility that he will be able to accelerate payment of restitution over the next twenty-four months.

The Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). As indicated by the use of the conjunction "and" in the statute, a district court must conclude that the

early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice. United States v. Suber, No. 02-4299, 75 Fed. Appx. 442, 444 (6th Cir. 2003).

Although Defendant has completed in excess of one year of supervised release and has demonstrated compliance with the terms of release, the Probation Office has recommended that the motion be denied at this time. Due to the nature and circumstances of the instant offense, involving many victims and requiring substantial planning and forethought, the Office recommends that the Defendant remain under supervised release to monitor his progress and ensure that the Defendant does not pose a risk to public safety. Additionally, the Court finds that continued supervised release is appropriate where a significant restitution balance remains.

The Court finds that the Defendant's motion should not be granted at this time based on the Probation Office's recommendation. Accordingly, the Court DENIES Rose's motion for early termination of supervised release.

IT IS SO ORDERED this 6th day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 44 in case 2:03-CR-20171 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

---

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Bruce I. Griffey
THE HARDISON LAW FIRM- Memphis
119 S. Main St.
Ste. 300
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT